**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION**

| | |
|---|---|
| **PRISON LEGAL NEWS**, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 2:13-cv-266 |
| ) | Judge J. Ronnie Greer |
| v. ) | |
| ) | |
| **SULLIVAN COUNTY, TENNESSEE**, ) | |
| *et al.*, ) | |
| Defendants. ) | |

**SUPPLEMENTAL BRIEF
IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION**

COMES NOW Plaintiff Prison Legal News ("PLN"), by and through undersigned counsel, pursuant to Local Rule 7.1(d), and hereby submits as its Supplemental Brief in Support of Plaintiff's Motion for Preliminary Injunction the following, based upon a recent district court order in a similar case:

On October 30, 2013, Plaintiff moved for preliminary injunctive relief and filed a memorandum of law in support of its motion, along with supporting exhibits. [Docs. 4-5]. As more fully explained in its opening brief, Plaintiff requests the Court to enjoin the enforcement of Defendants' unconstitutional "postcard-only" mail policy and to provide minimal due-process protections to Plaintiff, prisoners, and other correspondents, allowing them to challenge Defendants' censorship decisions. [Doc. 5]. Because Plaintiff was (and is) likely to succeed on the merits of its First and Fourteenth Amendment claims, [*id.* at 8-26], Plaintiff is suffering irreparable harm, [*id.* at 26], the balance of hardships tips decidedly in Plaintiff's favor, [*id.* at

1

27], and the public interest favors the entry of injunctive relief, [*id.*], Plaintiff requested that the Court grant its motion.

Defendants responded to Plaintiff's motion, [Doc. 13], and Plaintiff replied to Defendants' response, [Doc. 19].

Since the briefing in this case concluded, Plaintiff's position that Defendants' mail policies violate the Constitution and that they are entitled to a preliminary injunction has been endorsed by yet another district court. *See Prison Legal News v. County of Ventura*, No. 2:14-cv-773, 2014 WL 2519402 (C.D. Cal. May 29, 2014) (slip op.).[1] Plaintiff here brings substantially similar First and Fourteenth Amendment challenges to Defendants' "postcard-only" jail mail policy as it did in *County of Ventura*. (*Id*. at 2).

Applying the well-established test elucidated in *Turner v. Safley*, 482 U.S. 78, 89-90 (1987), the *Cnty. of Ventura* court held that PLN was likely to succeed on the merits of its First Amendment claim. *Cnty. of Ventura*, slip op. at 3, 5-6. Specifically, the court held—over the defendants' justification for a postcard-only policy, security and interdicting the flow of contraband through the mail—that the defendants' policy was not rationally related to a legitimate penological objective because the county offered no explanation as to why a postcard-only policy was more effective at intercepting contraband than the county's prior policy, which involved an "industry-standard inspection" of mail arriving at the facility in envelopes. *Id.* at 5. Similarly, in this case, Defendants recite nearly identical arguments as the county defendants in *Cnty. of Ventura*. [*See* Doc. 13 at 2-3, 8].

However, again like the defendants in that case, neither Sullivan County, Defendant Anderson, nor any of their employees who have submitted declarations in this case has suggested

---

[1] The court's opinion and order granting Prison Legal News's motion for preliminary injunction is attached hereto as Exhibit 1.

2

that contraband could not be smuggled into the facility through postcards, that inspecting letters using the "industry-standard" approach does not reliably detect contraband, or that banning letters entirely (as opposed to inspecting them) "meaningfully reduces the threat of contraband being introduced into the jail." *Cnty. of Ventura* at 5. Indeed, as the affidavit of the Sullivan County Jail's mail clerk points out, concealing drugs and sending them through the mail "could be carried out just as easily with postcards as with letters." *Id.*; *see also* Aff. of William Crawford [Doc. 16] at ¶ 16 ("Even with the postcards-only policy, drugs still came into the jail thru the postcards. For example, a drug known as 'strip' is so small and thin it can be hidden on or inside a post card."). The court concluded that the first, most important *Turner* factor highly favored Prison Legal News and that the "postcard-only policy smacks of arbitrariness and irrationality." *Cnty. of Ventura* at 6.

> As the court properly pointed out:
>
> Given that contraband can be interdicted by inspecting all incoming mail, the connection between the postcard-only policy and the County's goal of reducing contraband is tenuous at best. While the postcard-only policy may theoretically reduce the risk of contraband entering the jail—simply because envelopes offer more creases and folds for smuggling, and no inspection system is foolproof—this mere theoretical possibility is insufficient to rebut PLN's evidence that letter mail does not pose a legitimate security threat.

*Id.*

The remaining factors also favored Plaintiff according to the *Cnty. of Ventura* court. Defendants here, like in *County of Ventura*, have been unable to demonstrate Plaintiff's availability to use alternative avenues of communication to exercise their First Amendment-protected activities. *Id.* The relevant inquiry, the court noted, was not whether *inmates* had other means of expression, but rather whether *Prison Legal News* had other avenues available for its expression. *Id.* Because the Sullivan County defendants similarly closed all reasonably available

alternatives for PLN's expression, the second factor continues to favor Plaintiff. [*See* Dkt. No. 5 at 14-16].

Defendants here have alleged, through their affiants, that setting up a system to perform industry-standard mail inspection requires using guards that otherwise could be supervising inmates. (*See, e.g.,* Aff. of Troy Brunelli [Doc. 14 at ¶ 7] (discussing the policy's purported purpose of "freeing up resources needed to maintain a safe and secure jail"). Other than stating broad generalizations that a more expansive inspection system "free[s] up resources," Defendants have posited no credible evidence that an industry-standard inspection process would make the Sullivan County Jail any less secure. Moreover, "[i]n fact, because multiple postcards would have to be sent to communicate the same amount of information as a single letter, the postcard-only policy could actually *increase* the overall volume of mail." *Cnty. of Ventura* at 8 (emphasis in original).

Lastly, the *Cnty. of Ventura* court also held the fourth *Turner* factor favored PLN because "easy" and "obvious" alternatives existed that would not so drastically curtail free speech. *Id.* at 9. The court noted that while *Turner* does not require jailors to always use the least restrictive alternative, one that "fully accommodates" the First Amendment at a *de minimis* cost to valid penological interests is evidence that the policy does not satisfy the reasonable relationship standard. *Id.* (quoting *Turner*, 482 U.S. at 90-91).

The court noted that "a ready alternative to the County's outright ban on letters exists: inspecting all incoming mail for contraband." *Cnty. of Ventura* at 9. As here, the defendants cited diversion of resources to check the incoming mail without any real evidence "that implementing an inspection system would impose any inordinate safety or administrative costs," *id.*, and the court further reasoned that since the federal Bureau of Prisons and state correctional systems

4

nationwide "have been able to accommodate letter mail without compromising security also suggests that the County's postcard-only policy is an exaggerated response." *Id.* (*See also* Simcox Aff. [Doc. 15 at ¶ 13] (acknowledging Tennessee Corrections Institute recommends against postcard-only mail policies)).

Finally, again as in the case *sub judice*, the defendants in *Cnty. of Ventura* "assert[ed] that an injunction need not issue because these practices have been 'fully and permanently discontinued.'" *Id.* at 11. (*Compare* Doc. 13 at 5-7) (arguing the need for preliminary injunction is moot because of defendants' cessation of the policy). The court held that this case "falls squarely within the voluntary cessation exception to the mootness doctrine." *Cnty. of Ventura* at 11 (citing *Friends of the Earth v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 189 (2000)). The court noted that the county had not met its "heavy burden" of demonstrating that the challenged conduct will not resume. *Id.* Furthermore, in both postcard-only cases, the defendants have taken no action at all to provide due process protections to the senders of rejected mail, obviating the defendants' mootness argument.[2]

Dated: June 12, 2014                                    Respectfully submitted,

Lance Weber (Florida No. 104550)[3]          s/ Tricia R. Herzfeld
HUMAN RIGHTS DEFENSE CENTER                Tricia R. Herzfeld (BPR No. 26014)
P.O. Box 1151                                           Elliott Ozment (BPR No. 4331)
Lake Worth, FL 33460                              OZMENT LAW
lweber@hrdc-law.org                               1214 Murfreesboro Pike
                                                              Nashville, TN 37217
                                                              (615) 321-8888
*Attorneys for Plaintiff*                             tricia@ozmentlaw.com

---

[2] While Plaintiffs' motion for preliminary injunction points to the ongoing procedural due process faults in Defendants' policy, the term "due process" does not appear anywhere in Defendants' brief. [*See* Doc. 13; *see also* Doc. 19 (Plaintiff's Reply Br.) at 1-2, 4-8 (pointing out that Defendant's *new* policy still accords no due process protections to senders of mail and arguing that Defendants have waived their opposition to preliminary injunctive relief on the due-process issue by virtue of their failure to address the issue raised in Plaintiff's opening brief)].

[3] Admitted *pro hac vice*. [*See* Doc. 12].

## **CERTIFICATE OF SERVICE**

      I certify that I caused the foregoing Plaintiff's Supplemental Brief in Support of Motion for Preliminary Injunction to be served upon the following attorneys of record for Defendants by operation of the Court's ECF/CM system on June 12, 2014:

    Daniel P. Street, Sullivan County Attorney
    P.O. Box 509
    Blountville, TN 37617

                                                      s/ Tricia R. Herzfeld