IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| **PRISON LEGAL NEWS**, | ) | |
| | ) | |
| *Plaintiff*, | ) | Case No. 2:13-cv-266 |
| | ) | |
| v. | ) | Judge J. Ronnie Greer |
| | ) | |
| **SULLIVAN COUNTY, TENNESSEE** | ) | |
| et al., | ) | |
| | ) | |
| *Defendants*. | ) | JURY DEMAND |

PLAINTIFF'S REPLY TO DEFENDANTS' RESPONSE
TO PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT
OF ITS MOTION FOR PRELIMINARY INJUNCTION

COMES NOW Plaintiff Prison Legal News ("PLN"), by and through undersigned counsel, and hereby replies to Defendants' response to PLN's Supplemental Brief in Support of Plaintiff's Motion for Preliminary Injunction.

Defendants' brief in response to Plaintiff's Local Rule 7.1 supplemental brief again misstates the law and has failed to distinguish the newly issued preliminary injunction in a nearly identical case, *Prison Legal News v. County of Ventura*, No. 2:14-cv-733, 2014 WL 2519402 (C.D. Cal. May 29, 2014), from the case pending before the Court.

Rather than argue that the facts were somehow different in *County of Ventura* or that the court erred in applying the law, Defendants reiterate only that the court's decision there is not binding. [*See* Doc. 22 at 2, 4]. While the *County of Ventura* case is of course not binding on this Court, the facts and law presented in that case are practically identical to those here, including the theories of liability advanced by Plaintiffs, and certainly

1

represents highly persuasive authority and is indicative of the growing jurisprudential consensus supporting PLN's position that such policies violate the First and Fourteenth Amendments. *See, e.g., Hamilton v. Hall*, 790 F. Supp. 2d 1368 (N.D. Fla. 2011) (denying jail's motion to dismiss § 1983 claim based on postcards-only mail policy).

Defendants apparently also argue that there is "obviously . . . no need for a preliminary injunction" because Defendants revoked the offending postcards-only mail policy after PLN filed this action. [Doc. 22 at 3-4]. They argue that the voluntary cessation doctrine exception to mootness does not apply in this case, citing cases inapposite to the one before the Court. [*Id.*]. Respectfully, the cases cited by Defendants relate only to *legislative* enactments, rather than *executive* rules, such as the postcards-only policy here. [*Id.* at 4] (citing *Ultimate Smoke, LLC v. City of Kingsport, Tenn.*, No. 2:12-cv-13, 2013 WL 6713513, *2 (E.D. Tenn. Dec. 19, 2013) (holding plaintiff's motion for preliminary injunction moot because the responsible legislature repealed the ordinances at issue); *N. Ohio Chapter of Associated Builders & Contractors, Inc. v. MetroHealth Sys.*, 280 F. App'x 464 (6th Cir. 2008) (same)).

But the courts have long recognized a distinction between legislative repeals, which are difficult and time- and resource-intensive to undo, and executive repeals that can be undone with the mere stroke of a regulatory pen. *Kentucky Right to Life, Inc. v. Terry*, 108 F.3d 637, 645 (6th Cir. 1997) ("This exception properly applies only when a recalcitrant *legislature* clearly intends to reenact the challenged regulation.") (emphasis added). Absent the procedural safeguards usually present in *legislative* repeals, the Defendants are "free to return to [the offending regulation] at any time." *Id.* (citing Erwin Chemerinsky, *Federal Jurisdiction* 136 (1994)). *See also Friends of the Earth, Inc. v.*

*Laidlaw Envnt'l Svcs, Inc.*, 528 U.S. 167, 189-190 (2000); *City of Mesquite v. Aladdin's Castle, Inc.*, 455 U.S. 283, 289 (1982); *Adarand Constructors, Inc. v. Slater*, 528 U.S. 216, 222 (2000). Absent intervention from the Court, the Defendants would be "free to return to [their] old ways" unilaterally, without the approval of any legislative body. *See Friends of the Earth*, 528 U.S. at 189.

In any event, Defendants are once again incorrect that their amended policy allays PLN's due-process concerns. [Doc. 22 at 4-5] (Defendants' discussion of due process protections for *recipients* of mail but not addressing PLN's due-process concerns for *senders* of mail). As discussed more fully in PLN's opening brief, [Doc. 5 at 22-26], reply brief, [Doc. 19 at 1-2, 4-8] (pointing out that Defendants' *new* policy *still* accords no due process protections whatsoever to senders of mail), and supplemental brief, [Doc. 21 at 5], PLN continues to suffer irreparable harm because Defendants' jail mail policy contains inadequate due-process protections for senders. *See Martin v. Kelley*, 803 F.2d 236, 243-44 (6th Cir. 1986).

Dated: June 25, 2014                        Respectfully submitted,

                                                           s/ Tricia R. Herzfeld
                                                           Tricia R. Herzfeld (BPR No. 26014)
                                                           Elliott Ozment (BPR No. 4331)
                                                           OZMENT LAW
                                                           1214 Murfreesboro Pike
                                                           Nashville, TN 37217
                                                           (615) 321-8888
                                                           tricia@ozmentlaw.com

                                                           Lance Weber (Florida No. 104550)
                                                           *Admitted Pro Hac Vice*
                                                           HUMAN RIGHTS DEFENSE CENTER
                                                           P.O. Box 1151
                                                           Lake Worth, FL 33460
                                                           *Attorneys for Plaintiff*

# CERTIFICATE OF SERVICE

I, Tricia Herzfeld, caused the forgoing Plaintiff's Reply to Defendants' Response to Plaintiff's Supplemental Brief in Support of its Motion for Preliminary Injunction to be served upon the following attorneys of record for Defendants by operation of the Court's ECF/CM system on June 25, 2014:

Daniel Street
Sullivan County Attorney
P.O. Box 509
Blountville, TN 37617

                                        s/ Tricia R. Herzfeld
                                        *Attorney for Plaintiff*